I see counsel here in Lawrence v. Atlas Realty. We will begin. Good morning. Good morning, your honors. I may please the court. My name is Andrew Goodstedt, and my firm represents the plaintiff appellant, Winston Lawrence, in this case. The issues on appeal today are, one, whether the collective bargaining agreement at issue here contains a, quote, clear and unmistakable waiver of Mr. Lawrence's right to litigate his statutory claims of discrimination under Title VII, Section 1981, and the New York State Human Rights Law in federal court. And two, similarly, whether the collective bargaining agreement waives Mr. Lawrence's ability to litigate his retaliation claims under the FLSA and New York labor law in federal court. We respectfully submit that the language in the collective bargaining agreement falls far short of the standard enunciated by the Supreme Court that is necessary to effectuate such waiver, and certainly doesn't meet the bright-line test that was announced by this court in Rogers v. NYU. Has Rogers really announced a bright-line test? that a waiver of statutorily conferred rights contained in a CBA is sufficiently clear and unmistakable that either of two conditions is met. And then they go on with the two conditions. That doesn't sound to me necessarily like a statement that that's the only way to satisfy a right. That says that one of the ways to satisfy a right is if these two conditions are met. Yes? My understanding, Your Honor, of right and how it's been applied by courts both within and certain courts that have a similar standard outside the circuit, is that it needs to meet one of those two standards, either the statute... I'm just looking at the language. And has this court said anything further about that? I don't believe that this court has opined on that issue since the Rogers matter. But recently, in February of 2016, Judge Grise, I know it's not binding, but certainly persuasive, interpreted a nearly identical court-to-board agreement to the one that we have in issue. But Judge Grise is a district judge in the Southern District of New York. We don't pay any attention to that. Your Honor, I don't know if your chambers are on the same floor as Judge Grise, but certainly Judge Grise's analysis under the Rogers line of cases should be equally applicable here. It's nearly identical language. The no discrimination provision discusses and lists all the characteristics protected by law that are part of the no discrimination provision. And it specifically says any claim by an employee of any such discrimination will be submitted to arbitration under Article 12 of the agreement. That goes even further than the CBA here. The CBA here just lists the characteristics protected by law and then says any dispute under this provision. This is not a case about a dispute under the no discrimination provision in the CBA. This is a case that arises out of federal and state law. There's not a statute mentioned in the Collective Bargain Agreement. There's not a cause of action mentioned in the Collective Bargain Agreement. There was a reference to all federal, city, and state anti-discrimination statutes, and it ended by saying that all disputes under this provision shall be arbitrated. But under your analysis, under the argument you just made, that wouldn't be sufficient for the employer to achieve arbitration either. Because, I mean, under this provision, and that would simply incorporate the federal, state, and city anti-discrimination standards into the agreement, and according to you, that wouldn't be enough. Well, Your Honor, in this case, it doesn't go that far. I understand that. I'm just asking. But I do believe under The trouble is deciding each of these cases in isolation, which I think is the issue that's been raised by Judge Rakoff. I mean, you know, what is the, what is the, you know, is there a bright line test, and can we find it? I believe that the Rogers Court, this Court in Rogers, announced a bright line test. It either has to enumerate the statutes, like it does, like the agreement does in the Pyatt case, the Supreme Court case on the issue, which, Your Honors, Judge Hurley didn't address, but we addressed in our papers below, and we addressed in our papers here. The Pyatt case is a Supreme Court case where the parties that negotiated the agreement in the Pyatt case are the exact same parties that negotiated the agreement here. It's the Real Estate Advisory Board of New York and Local 32B, 32J. And in our case, it's the same thing. One is the city agreement, one is the Long Island building agreement. The Pyatt language incorporates, enumerates all these statutes. The Pyatt agreement talks about claims in violation of law, and the Pyatt agreement, which unlike the case here, in 2010, before our agreement was amended, actually announced and added an addendum to the agreement that has a mediation and arbitration protocol for cases of employee discrimination. Now, under the rules of parallel construction, you have the same two parties to an agreement on similar issues that use different language that, and particularly in this case, is important because that's the language that the Supreme Court relied on in this decision, and that was not incorporated. Your Honor, I see my time is up. Is it okay if I ask another question? Well, you've reserved rubato, and that might be useful in this case, so let's hear the answer. Thank you, Your Honor. Good morning, Your Honors. May it please the Court. My name is Jessica Biquette, and I represent the appellees. The district court correctly determined that this CBA contains a clear and explicit waiver of Mr. Lawrence's right to bring his statutory discrimination claims in court. I agree, Judge Rakoff, that the right case is really the governing case here, and Justice Scalia described the inquiry as whether an ordinary textual analysis shows that matters beyond the interpretation of contract terms are subject to arbitration. Well, what about the point made by a witness a minute ago that the second sentence of the no-discrimination clause here refers to dispute? It doesn't say any claim state or federal or any claim of violation of state or federal law will be subject to arbitration. It just says any dispute, and dispute in the labor context is often something much less than a formal complaint or something of that kind. Well, one of the things that the Supreme Court said in Wright was that the agreement there was missing a contractual commitment for the employer to abide by discrimination laws. Here we have that. The no-discrimination provision states that the employer shall not discriminate based on any characteristic protected by law. That necessarily requires a court to look outside the CBA, to look at the law, to see what the law says, and to see if a characteristic is protected. But it doesn't submit claims, then, to arbitration. I agree. It says there shall be no discrimination based on any characteristic protected by law, but then any disputes arising under this provision shall be subject to arbitration without any reference to claims. Is it clear and unmistakable without some additional language? I think the term dispute is broad enough, and other courts that have looked at clauses like this one, although there aren't any in this circuit, and on that point, talking about Fernandez, Fernandez, the no-discrimination clause, actually doesn't make a reference to laws, to characteristics protected by law, to violations of applicable law, to violations of federal, state, or local law. So I think that makes the Fernandez case fundamentally different from this case. Because compliance with laws is a contractual commitment here, I think disputes under this provision refers to any claims that a law was violated, essentially. And so, for that reason, I think it's clear and explicit, and I think it takes it outside, it fundamentally distinguishes this case from Wright. And in Wright, the court looked at certain other factors and noted that those factors would have militated in favor of a clear and explicit waiver. But it would seem that the run of cases in which such a clause is deemed adequate to require arbitration of federal anti-discrimination claims, they all mention statutes, federal, state statutes. Well, the case is – oh, sorry. And this is not mentioning statutes, and it's referring to disputes, which necessarily would be between the union and the employer. That's how it's structured. And I'm not sure that this would tell the average worker that he or she is giving up their statutory rights to indicate claims of discrimination. Well, I think the cases outside of this circuit, the lower court cases that have looked at this issue, had clauses that didn't necessarily say the word statute. And I think there's a Fourth Circuit case, Singletary, which says that statute isn't a magic word. I think to the average worker, law might be actually something that more clearly expresses that laws are at issue here than the word statute. And the no discrimination provision doesn't say that only the union is going to arbitrate these claims. It says any disputes under this provision, whether they're individual disputes or whether they're the union's disputes, are going to be subject to arbitration. And then if you look at the arbitration clause, it says that's going to be the sole and exclusive remedy. So tying all these pieces together, I'm not sure how much clearer it could get short of doing what has been recognized in other circuits as valid, which is enumerating the statutes. On that point, I realize... I'm not sure there's law that says you must enumerate the statutes because statutes are being added all the time, frankly. But the run of cases, if you were to divide them according to observed characteristics, the ones that come out on your side usually refer to statute law. In some cases they do, but although that would... I don't disagree with you, but between law and statute, for the average Joe who's working for the union, it probably doesn't mean very much. But that's how the cases seem to break down. None of those cases consider a CBA like the one that's at issue here. So I'm not sure how those cases could opine on every other combination of language that might exist out there in the world. I don't know if this is part of the record, but tell me if it is. Do we know anything about the history of the negotiation of this clause by the union and the employer? Actually, no, Your Honor, we don't. There's nothing in the record about that. And so I heard Appellant's counsel raise the issue of the union and the Realty Advisory Board having negotiated this agreement. Actually, I don't think there's anything in the record to indicate that the Realty Advisory Board negotiated this agreement. Solgi Atlas Realty Company is not a party to the larger agreement that a lot of employers sign on to. It has this agreement instead. So it's really not developed in the record, whether there's a course of dealings that would support the conclusion that these claims should be litigated in court, and I don't think that that would be a basis to reverse the district court on this record. Why shouldn't we read the phrase in accordance with applicable law as defining disability of an individual, not creed, color, or the stuff that comes after with national origin, sex, sexual orientation, union membership? I think that the phrase applicable law is modifying all of the terms that come before it. However, even if it weren't, it's clear at the very end that discrimination on the basis of any characteristic protected by law is the employer's obligation. That's describing the characteristic, and that would then seem to mean that if there was a law that said you can't discriminate on the basis of an arrest or a felony conviction or something like that, that would seem to sweep that in. But the question is whether it would sweep it in simply as something that is contractually protected as between the parties to the agreement. I think that's actually exactly what the court in Wright was looking for, and the court in Wright pointed to a different provision in that CBA which it gave as an example of something that was clearer. There was a provision there that said the parties agreed to be bound by the requirements of the Occupational Safety and Health Administration, and it pointed to that as being far more clear than the other language which just said this agreement won't violate state or federal law. That provision, I'm sure as your honors know, there are many, many requirements under OSHA. That is a very broad statement there, and if that's clear enough for the Supreme Court, this is also clear. We're talking about an entire subset of laws here, all of the anti-discrimination laws, and what Wright requires is clarity, not narrowness. So in that regard, I think that this provision is something that, if it were to ever reach the Supreme Court, would fall more under that part of the analysis. When was, if you know, when was this contract? 2006. It became effective in 2006. Thank you. Thank you. We'll hear from both. Thank you, your honors. Just a few points. One, your honors, if you look at the Rogers language, the CBA language in Rogers, the no discrimination provision says there should be no discrimination as defined by applicable federal, New York State, and New York City laws against, and then it talks physical and mental disability. That is similar to the language that we have here. Then the arbitration provision says any dispute using the exact same language that we have in this agreement, any dispute concerning the interpretation, application, which is what we're doing here, applying a provision of the CBA, or a claim violation of a specific term or provision of this agreement. What Respondent's trying to do is, and I think she mentioned, patch the language together. If you want to start patching language together, there's nothing different between our agreement and the agreement in Rogers. They have the same phrases, the same language. They both talk about applicable law. There's no difference between our case and Rogers. And to Judge Jacobs' point, the language in our collective bargaining agreement, the reference to in accordance with applicable law, I think the only plain reading of that is to the disability restriction there. I don't think it applies to any of the other. Any idea why that modification would have been, or that clause would have been needed for disability as opposed to age? My speculation, Your Honor, would be because, as you're aware, the disability laws don't necessarily require you to not take action against somebody with a disability. For example, if they can't perform the essential functions with or without a disability. That's my speculation. Okay, thank you. Thank you both. We will reserve decisions.